IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ashley Kenneth Hunter, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> State of North Dakota, ) <br> ) <br> Respondent. ) | **ORDER GRANTING PETITIONER LEAVE TO FILE AMENDED HABEAS PETITION** <br><br> Case No. 1:21-cv-197 |

Petitioner Ashley Kenneth Hunter ("Hunter") is presently incarcerated at the North Dakota State Penitentiary. He initiated the above entitled action on October 25, 2021, by filing with the court a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Doc. No. 1).

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to promptly examine a habeas petition upon its filing and either (1) dismiss it if it plainly appears that the petitioner is not entitled to relief, or (2) order the respondent to file an answer or otherwise respond within a fixed time.

Rule 2(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2005); see Piercy v. Parratt, 579 F.2d 470, 472 (8th Cir.1978) (finding that a habeas petition attacking the revocation of the petitioner's parole was "procedurally flawed" because he failed to name his custodian, the warden of the state prison where

1

he was incarcerated).

Here, Hunter is challenging his present physical confinement and has named the State of North Dakota as the respondent. As the State is not a proper respondent, the Court will afford Hunter an opportunity to amend his petition. Rule 2(a) of the Rules Governing Section 2254; see also 28 U.S.C. § 2242; Bridges v. Chambers, 425 F.3d 1048, 1050 (7th Cir. 2005) ("Some things are clear. One is that the 'state' is not a proper respondent . . . This is not only because the state has sovereign immunity from suit in federal court . . .and not only because Rule 2(a) is explicit that the 'state officer' having custody of the petitioner is the proper respondent. There is also the practical consideration that designating the 'state' does not identify an official with actual authority to release the prisoner, and the designation could create confusion with respect to service and to notice generally." (internal citations omitted)); see e.g., Farmer v. Nebraska, No. 4:21CV3012, 2021 WL 1599380, at *2 (D. Neb. Apr. 23, 2021) (warning petitioner that his failure to file an amended petition that was not signed under penalty of perjury and did not name a proper respondent was subject to dismissal without prejudice); Longs v. Jacobsens, No. 4:18CV3120, 2018 WL 11219552, at *1 (D. Neb. Oct. 9, 2018) (deeming an unsign habeas petition that failed to name a proper respondent as deficient on initial review and granting petitioner leave to file an amended habeas petition addressing these deficiencies).

Accordingly, Hunter shall have until December 13, 2021, to file an amended petition naming a proper respondent.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2021.

                                                                       */s/ Clare R. Hochhalter*
                                                                       Clare R. Hochhalter, Magistrate Judge
                                                                       United States District Court