IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ashley Kenneth Hunter, ) | |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Warden James Sayler, ) | |
| ) | Case No. 1:21-cv-197 |
| Respondent. ) | |

Before the court are Petitioner Kenneth Hunter's: (1) motion for a "status review conference;" (2) motion for an evidentiary hearing; (3) motion for reconsideration of the court's February 22, 2022, order dismissing his second amended habeas petition; and (4) motion for leave to appeal in forma pauperis. (Doc. Nos. 26, 27, 30, 35). For the reasons that follow, all four motions are denied.

On February 22, 2022, the court issued an order granting respondent's motion to dismiss, dismissing the second amended habeas petition filed by Hunter as time-barred, and declining to issue Hunter a certificate of appealability. (Doc. No. 24). In its order, the court initially observed that Hunter had not filed a response to respondent's motion to dismiss. It nevertheless proceeded to discuss at some length the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations for filing federal habeas petitions and its application in the instant case.

In his motion for reconsideration, Hunter asserts that he did not respond to respondent's motion to dismiss because he "was awaiting the results of [his] motion to compel," that he "was never informed of [his] 10 days to respond to the Report and Recommendation," that the court "rushed to dismiss [his] petition without allowing [him] to present [his] issues," that his diligence

1

in pursuing this matter is beyond dispute, and that his failure to timely file his habeas petition is excusable as it is attributable to his counsel's counsel negligence. (Doc. No. 30).

Having reviewed the record, the court finds no basis for reconsidering its previous order. Hunter's assertions that he did not have sufficient time to respond to respondent's motion, that he was waiting the court's ruling on his pending motion to compel before responding to respondent's motion, and that court rushed to judgment are specious. Respondent filed his motion on December 23, 2021. The motion to compel referenced by Hunter was filed on February 16, 2022, or well after his deadline for filing a response to respondent's motion had lapsed. Moreover, it should be noted that Hunter never filed a motion requesting additional time to respond to respondent's motion. In any event, the court's order granting respondent's motion was not predicated solely upon Hunter's failure to respond. In regards to Hunter's attribution of the delay in initiating this action to his counsel's negligence, the court explained in its February 22, 2022, order that such negligence does not constitute a basis for equitable tolling of AEDPA's statute of limitations:

> Hunter largely attributes the delay in initiating the above-captioned action to counsel. For example, in his amended petition he asserts that "[t]he phone conversations will reveal that I constantly stressed to my attorney the importance of timely filing the federal habeas petition that misdirected and mislead me over several years." (Doc. No. 9). In his second amended petition he further asserts:
>
>> I have been waiting for my attorney to file I think that he may have been overwhelmed by other matters so I'm respectively requesting the court to review my appeal. I don't think he intentionally avoided my calls and letters whenever I would attempt to communicate with him considering the timeliness of this filing. But again I think that due to Covid-19 complications in his family, as well as Covid-19 issues within the prison caused he and I not to communicate much. He told me he would file it and any filing by him on my behalf in this matter should trump this application. So please consider all things mentioned.
>
> (Doc. No. 11). The attorney to which Hunter is referring is Samuel Gereszek, whose

assistance or alleged lack thereof during Hunter's underlying criminal proceedings forms the basis for one of the grounds for relief Hunter asserted in his state post-conviction proceedings and is presently asserting in the instant action.

Having reviewed the record, the court finds that Hunter has failed to demonstrate that he pursued his rights diligently and that extraordinary circumstances prevented him from timely filing his petition. Notably, there is nothing in the record to even remotely suggest that there were some external forces at work at account for his failure to timely petition this court. He makes vague references to difficulties and delays in counsel. However, it unclear if and when Hunter retained counsel, when Hunter contacted counsel, or what Hunter substantively discussed with counsel. Conversely, it appears that Hunter was keenly aware that he was under some time constraints and in his second amended petition retreated from his earlier assertion that counsel misdirected or otherwise mislead him. In so doing he has arguably taken the position there may have been some negligence on his part and/or on the part of counsel to warrant equitable tolling of the statute of limitations in his case.

It is well settled that attorney negligence does not constitute the basis for equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Maples v. Thomas, 565 U.S. at 266 228 ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause' [for excusing a procedural default relating to a filing deadline].... because the attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent.") (citation and quotation marks omitted)); Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("Attorney ignorance or inadvertence is not 'cause' [for excusing a procedural default relating to a filing deadline] because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." (quotation marks omitted)); see also Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); see e.g., Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir.2003)11 (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir.2002) ("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the] habeas petition in the district court within the one-year limitations period."); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir.2001) ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.");

>   <u>Taliani v. Chrans</u>, 189 F.3d 597, 598 (7th Cir.1999) (holding that a lawyer's miscalculation of the limitation period was not a valid basis for equitable tolling); <u>Gilbert by Gilbert v. Sec. of Health & Human Servs</u>., 51 F.3d 254, 257 (Fed.Cir.1995) ("The negligence of Gilbert's attorney does not justify applying equitable tolling."). Consequently, any negligence attributed by Hunter to counsel does not constitute an extraordinary circumstance and does not operate equitably toll the statute of limitations in this case.

(Doc. No. 24). Finally, with respect to Hunter's assertion that he was never informed of his deadline for responding to the report and recommendation, the court simply notes that no report and recommendation was issued in this case.

Accordingly, Hunter's motion for reconsideration of the court's February 22, 2022, order (Doc. 30) is **DENIED**. As there is no basis for reconsideration, Hunter's motions for a status conference and for an evidentiary hearing (Doc. Nos. 26, 27) are also **DENIED**. Finally, Hunter's motion for leave to appeal in forma pauperis (Doc. No. 35) is **DENIED** as the court previously refused to issue Hunter a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court